UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL LOUIS BELLUOMINI,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>    Defendants. | Case No. 3:17-cv-00415-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

  This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

  Plaintiff filed an application to proceed in forma pauperis (IFP), and pro se civil rights complaint on July 10, 2017. (ECF Nos. 1, 1-1.) The undersigned issued an order denying Plaintiff's IFP application because it indicated he had $22,500 in cash or in a checking or savings account, and minimal expenses, but gave him thirty days to pay the filing fee. (ECF No. 3.) Plaintiff did not do so. Instead, on February 2, 2018, he filed a document that he titled a "Motion of Forma Pauperis Application." (ECF No. 4.) The document is not an IFP application, but describes a scenario where Plaintiff claims he received a notice that he received a sum of money from the "UN Habitat."

  A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

///

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff has not filed a completed IFP application containing the required information allowing the court to make a determination that he is impoverished and cannot pay the filing fee.

Moreover, under 28 U.S.C. § 1915, "[t]he court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure §

1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

Even though Plaintiff has not filed a completed IFP application or paid the filing fee, the court has undertaken a review of the proposed civil rights complaint to determine whether Plaintiff should be given additional time to pay the filing fee and whether his action should be dismissed with or without prejudice. The court finds that he should not be given additional time to pay the filing fee, and that the dismissal should be with prejudice.

Plaintiff's complaint names the State of California and U.S. Naval Officers Command at Pearl Harbor, Hawaii and in San Diego. The complaint then contains vague and nonsensical statements including mention of an alleged apprehension of him in his home in Roseville in 1995, a Hawaii state court administrator, and Jesus Christ.

Plaintiff's complaint lacks an arguable basis in law or fact, and as such is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (this term "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). Therefore, Plaintiff's action should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion (ECF No. 4), and **DISMISSING** this action **WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

1       2. That this Report and Recommendation is not an appealable order and that any notice of
2 appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed
3 until entry of judgment by the district court.
4       DATED: March 13, 2018.

                                                _____
                                                WILLIAM G. COBB
                                                UNITED STATES MAGISTRATE JUDGE